UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL AYOTTE,                                        Case No. 15-13826

                Plaintiff,                          Arthur J. Tarnow
v.                                                  United States District Judge

B. STEMEN, *et al*,                                 Stephanie Dawkins Davis
                                                    United States Magistrate Judge

                Defendants.
_____/

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**
**AND RELATED MOTIONS (Dkt. 3, 23, 27, 30, 31, 34)**

## I.    PROCEDURAL HISTORY

Plaintiff filed the instant prisoner civil rights action on October 26, 2015.

(Dkt. 1).  On February 3, 2016, District Judge Arthur J. Tarnow referred this case

to the undersigned for all pretrial proceedings.  (Dkt. 29).  On October 26, 2015,

plaintiff filed a motion for permanent and preliminary injunction.  (Dkt. 3).

Plaintiff seeks an order barring the MDOC from transferring him to another

correctional institution.  Defendants filed a response on December 10, 2015 and

plaintiff filed a reply on December 24, 2015.  (Dkt. 19, 29).  Plaintiff filed a host

of other motions requesting a preliminary injunction hearing relating to alleged

retaliation occurring after the filing of the complaint.  (Dkt. 23, 27, 30, 31, 34).

## II.    FACTUAL BACKGROUND

1

Plaintiff is a prisoner who is currently confined in the Michigan Department of Corrections ("MDOC") at the Macomb Correctional Facility (MRF), New Haven, Michigan.  Plaintiff's complaint is filed under 42 U.S.C. § 1983 and protests infringement of his civil rights, alleging violations of the First, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.  Along with his Complaint, Ayotte also filed a Motion for Temporary Order and Permanent Injunction, seeking a Court order preventing any further transfers during the pendency of this litigation.  According to plaintiff, it is common practice for the Michigan Department of Attorney General to request a 60 day extension in which to file a response to a civil complaint and that during those 60 days, the MDOC will transfer the prisoner to another correctional facility in retaliation for filing the complaint.

## III.   ANALYSIS AND CONCLUSION

### A.   Standard of Review

The issuance of preliminary injunctive relief is committed to the discretion of the district court.  *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2

2. Whether the movant has shown irreparable injury.

3. Whether the preliminary injunction could harm third parties.

4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994).  These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers.  *Id*. Additionally, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n. 3, (6th Cir. 1984); *see also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), cert. denied, 394 U.S. 999 (1969); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

B.    Legal Analysis

1.    Transfer

As to the claimed threat of transfer to another prison, plaintiff's request for a preliminary injunction must fail.   Motions for a preliminary injunction against

3

transfer are typically denied because a prisoner "has no constitutional right to remain in a particular institution, and prison officials are afforded broad discretion in transferring inmates." *Bruce v. Sheldon*, 2015 WL 1647293, *3 (N.D. Ohio 2015) (quoting *Henry v. City of Eastpointe Police Dep't*, 2012 WL 3151566, at *2 (E.D. Mich. July 2012)).   Courts have acknowledged that granting such an injunction against transfer can sometimes actually *cause* harm. *McCalla v. USA*, 2016 WL 1698295, 8* (E.D. Ky. 2016) (citing *Smith v. Sniezak*, 2007 WL 642017, *2 (N.D. Ohio 2007) ("In the context of prison management ... the status quo is to allow the BOP to manage its facilities and the prisoners incarcerated there.  A restraining order would disturb the status quo and encroach on the BOP's discretion.").   Indeed, the courts are ever cautioned to stay out of the business of micro-managing prisons. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Turney v. Scroggy*, 831 F.2d 135 (6th Cir. 1987).

In addition, just as in *Prim v. Jackson*, 2015 WL 1647293, at *16 (S.D. Ohio 2015), report and recommendation adopted, 2015 WL 3544668 (S.D. Ohio June 4, 2015), plaintiff does not offer any evidence "sufficient to demonstrate a likelihood of success on any claim that Defendants moved him to new cell locations (or that they intend to do so) without just cause in violation of his constitutional or federal rights."   Rather, all plaintiff says in his motion for preliminary injunction is that his verified complaint states a claim on which relief

4

can be granted, that defendants should have clearly understood that plaintiff's
allegations state a claim for violation of his constitutional rights, and that a
retaliatory transfer will work a hardship on plaintiff as to gathering affidavits and
other proofs and practicing his religion with other prisoners.  (Dkt. 3, Pg ID 33).
Even if what plaintiff says is true, these allegations do not present the
extraordinary circumstances necessary for the issuance of an injunction against a
retaliatory transfer.  Although there are rare instances where retaliatory cell
transfers can rise to the level of a constitutional violation, *see e.g.*, *LaFountain v.*
*Harry*, 716 F.3d 944, 949 (6th Cir. 2013) (holding that allegations of a retaliatory
transfer of plaintiff to a cell with a mentally ill prisoner who threatened to knife
plaintiff and defendants' refusal to grant plaintiff's requests for a different cell in
light of the threats stated a claim for violation of plaintiff's First Amendment
rights), absent such "extraordinary circumstances," decisions about "[c]ell
assignments are a normal part of prison life, and thus typically do not amount to an
adverse action."  *Id*.

Similarly, "[a]s a general matter, a prison official's decision to transfer a
prisoner from the general population of one prison to the general population of
another is not considered adverse," absent extraordinary circumstances.
*LaFountain v. Harry*, 716 F.3d at 948 (citation omitted).  In *LaFountain*, such
extraordinary circumstances existed sufficient to preclude a Rule 12(b)(6)

5

dismissal because plaintiff's claim was based on a settlement agreement and an allegation that plaintiff would be deprived of the benefits of that agreement if he were transferred. *Id*. at 948. Yet here, plaintiff makes no claim and offers no evidence to suggest that there are any extraordinary circumstances such that the Court should implement the extreme remedy of interfering with the operation of the prison by precluding it from transferring plaintiff. Under these circumstances, the undersigned concludes that plaintiff has not met his heavy burden of establishing that the extraordinary remedy of preliminary injunction against transfer should issue.

### 2.     Post-complaint retaliation

Plaintiff's later filed requests for a preliminary injunctions are premised on new allegations of unconstitutional retaliation for filing this action, which obviously occurred after this complaint was filed. In the view of the undersigned, these new claims also fail to provide a sufficient basis for granting injunctive relief in this lawsuit. *McKinney v. Kasich*, 2015 WL 4931864, *3 (S.D. Ohio 2015) (citing *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (finding that inmate "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint.")). The Court therefore may not grant plaintiff's motions because they raise issues that are entirely different than those raised in his complaint. This Court has held that an injunction "should not

issue when it deals with a matter lying wholly outside the issues in the suit."

*Corsetti v. Hackel*, 2012 WL 4955275 (E.D. Mich. Sept. 26, 2012) (internal

quotation marks omitted); *see also Lloyd v. Mohr*, 2014 WL 934647, *7 (S.D.

Ohio 2014) ("However, the retaliation claim is not properly before the court

because no facts are alleged indicating that plaintiff has exhausted his

administrative remedies as to that claim. A prisoner must exhaust the prison's

administrative remedies offered through the prison grievance procedure before

filing a claim under § 1983."). As such, there is simply no basis for the issuance

of preliminary injunctive relief here.

Because there is no nexus between the allegations contained in plaintiff's

complaint and the post-complaint conduct he seeks to enjoin, it is not necessary to

further consider the four factors associated with the merits of plaintiff's later filed

motions for preliminary injunction.

## IV.   RECOMMENDATION

For the above stated reasons, the undersigned **RECOMMENDS** that

plaintiff's motions for preliminary injunction be **DENIED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 2, 2016                          s/Stephanie Dawkins Davis
                                              Stephanie Dawkins Davis
                                              United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 2, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Mail to the following non-ECF participant: <u>Paul Ayotte #183113, Ojibway Correctional Facility, N5705 Ojibway Road, Marenisco, MI 49947.</u>

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
