UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL AYOTTE,

        Plaintiff,

v.

B. STEMEN, ET. AL.,

        Defendants.
_____/

Case No. 15-13826

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [48]; GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [20]; DENYING AS MOOT PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE [25]**

Plaintiff filed the instant prisoner civil rights action on October 26, 2015. On December 22, 2015, Defendants filed a Motion for Summary Judgment [20]. Plaintiff filed a response and an affidavit on January 26, 2016 [24; 26]. Plaintiff also filed a Motion for Judicial Notice on January 26, 2016 [25] in relation to the pending Motion for Summary Judgment. On August 11, 2016, the Magistrate Judge issued a Report and Recommendation (R&R) [48], recommending that Defendants' Motion for Summary Judgment be granted in part and denied in part, without prejudice; the effect of this recommendation would dismiss all claims except the claim against Defendants Visconti and Bridges that alleges retaliation under the First Amendment pending potential further consideration after a full development of the record relating to exhaustion of that claim. Plaintiff filed objections to the R&R on August 26, 2016 and

1

August 29, 2016 [49; 50].[1] The Government did not file a response to these objections and did not file an objection to the R&R.

For the reasons stated below, the R&R [48] is **ADOPTED in part** and the Motion for Summary Judgment [20] is **GRANTED in part** and **DENIED in part.** With the entry of this Order, Plaintiff's Motion for Judicial Notice [25] is **DENIED as moot.** The impact of this instant Order is that all claims are dismissed[2] except Plaintiff's claims against Defendants Visconti and Bridges for alleged retaliation under the First Amendment in issuing a false misconduct ticket and Defendants Stemen, Benson and Neuberger for alleged conspiracy to falsify a misconduct ticket pending potential further consideration after a full development of the record relating to exhaustion of those claims as explained below.

## STATEMENT OF FACTS

The Magistrate Judge summarized the factual background of the complaint as follows:

---

[1] These objections are identical, aside from an exhibit attached to the objections filed on August 29, 2016. Therefore, when Plaintiff's objections are referred to in this Order, the Court is referencing the objections filed on August 29, 2016 [50].
[2] The Court notes that Defendants Singleton and Benson have not been served and the claims against them are not addressed in the pending Motion for Summary Judgment or the R&R. The conclusions in this order apply equally to both Defendants. All claims against Singleton should be dismissed. However, Defendant Benson remains a party in the case because there is a claim that Benson conspired to falsify a misconduct ticket. Thus, Defendant Benson remains a party in the case pending a decision by the Magistrate concerning the Order for Plaintiff to Provide Correct Address for Defendant Benson [43], to which Plaintiff responded with a request to the Court [45].

Plaintiff is a prisoner who is currently confined in the Michigan Department of Corrections ("MDOC") at the Macomb Correctional Facility (MRF), New Haven, Michigan. Plaintiff's complaint is filed under 42 U.S.C. § 1983 and claims infringement of his civil rights, alleging violations of the First, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

MRF Defendants are Deputy Warden Darrell Steward, Corrections Program Coordinator Maria Visconti, Hearings Investigator William Bridges, Lieutenant Peter Neuberger, Sergeant Dale Hughes and Corrections Officer (C/O) Brett Stemen. According to Ayotte, once he was elected to the Warden's Forum, he brought up issues concerning food service in September of 2014. (Dkt. 1, ¶ 12). By November 2014, he began receiving false work reports. (Dkt. 1, ¶ 16). On December 25, 2014, Ayotte was issued a Class II misconduct violation for possession of stolen property after C/O Stemen discovered 20 hamburger patties in Ayotte's coat. Sergeant Hughes reviewed the violation with Ayotte. (Dkt. 1, ¶ 29). Lieutenant Neuberger, acting as the Hearing Officer, found Ayotte guilty of the misconduct on January 6, 2015. (Dkt. 1, ¶ 29). Deputy Warden Steward denied Ayotte's appeal. (Dkt. 1, ¶¶ 32-34). And, on February 25, 2015, Warden Romanowski overturned the guilty finding. (Dkt. 1, ¶ 37).[3]

In Count I, Ayotte alleges that C/O Stemen conspired with others to falsify a misconduct violation. (Dkt. 1, ¶ 112). Next, he alleges that Deputy Warden Steward conspired with others to confiscate or destroy Ayotte's "records" and falsify other records in retaliation for filing grievances and being a member of the Warden's Forum. (Dkt. 1, ¶113). Ayotte further alleges that Corrections Program Coordinator Visconti and Hearings Investigator Bridges retaliated against him for having raised issues as a member of the Warden's Forum. (Dkt. 1, ¶¶ 114, 115). Finally, Ayotte alleges that Lieutenant Neuberger conspired with others to falsify a misconduct violation and ultimately found him guilty of that violation. (Dkt. 1,¶¶ 117 -118).

In Count II, Ayotte incorporates his prior allegations and asserts that the defendants' conduct violated his rights under the Fifth and Sixth

---

[3] The record is not clear that plaintiff's misconduct ticket was overturned. Plaintiff says that it was, but Step II grievance response indicates that it was not overturned. (Dkt. 20-3, Pg ID 214).

3

Amendments. In Count III, Ayotte incorporates his prior allegations and asserts that defendants' conduct violated his right to substantive due process. In Count IV, Ayotte incorporates his prior allegations and asserts that defendants' conduct violated his right to procedural due process. In Count V, Ayotte incorporates his prior allegations and asserts that defendants acted with knowledge, encouragement and/or collaboration with other defendants to violate his rights. In Count VI, Ayotte incorporates his prior allegations and asserts that defendants denied him a fair hearing in regards to his Class II misconduct violation, thereby violating his rights under the First, Fifth and Sixth Amendments. In Counts VII and VIII, Ayotte incorporates his prior allegations and asserts that defendants conspired in violation of 42 U.S.C. § 1985. In Count IX, Ayotte incorporates his prior allegations and asserts that defendants' conspiracy violated his rights under the First, Fifth, Sixth and Fourteenth Amendments by depriving him of his legal materials. Ayotte sues all defendants in their individual and official capacities for unspecified monetary damages.

### STANDARD OF REVIEW

This Court reviews objections to an R&R on a dispositive motion *de novo*. See 28 U.S.C. § 636(b)(1)(c). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must construe the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986). A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"The PLRA provides that a prisoner may not bring an action under federal law related to prison conditions 'until such administrative remedies as are available are exhausted.'" *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting 42 U.S.C. § 1997e(a)). "To exhaust his administrative remedies, a prisoner must adhere to the institutional grievance policy, including any time limitations." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91, (2006)). This requires "taking advantage of each step the prison holds out for resolving the claim internally." *Troche v. Crabtree*, --- F.3d ---, 2016 WL 736312, at *3 (6th Cir. Feb. 25, 2016) (quoting *Reed–Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)).

Failure to exhaust is an affirmative defense and the burden is on the Defendants to show that a Plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216-218 (2007). Defendants move for summary judgment on the issue of whether Plaintiff failed to exhaust his administrative remedies under the PLRA prior to commencing litigation.

## ANALYSIS

### 1. REPORT AND RECOMMENDATION [48]

Non-grievable issues include "[d]ecisions made in minor misconduct hearings." PD..03.07.130(F)(4). Instead, to grieve decisions made in minor misconduct hearings,

a Plaintiff must file "a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." MCL §791.255(1). The rehearing request must be made within thirty days of the final decision or order. MCL §791.254(3). Additionally, per *Siggers v. Campbell*, a prisoner must raise the argument that a misconduct ticket was issued based retaliation or conspiracy during the first misconduct hearing in order to properly exhaust these claims. 652 F. 3d 681, 694 (6th Cir. 2011).[4]

While the Court agrees with the R&R that the claims against Defendants Visconti and Bridges relating to the issue of retaliation based on the issuing of the misconduct ticket should survive the Motion for Summary Judgment given the lack of evidence by Defendants to meet their affirmative burden of exhaustion, the Court declines to adopt the R&R in regards to the claims against Defendants Stemen and Neuberger found in Count I. In Count I, Plaintiff alleges that Stemen and Neuberger

---

[4]*But see*, *Ragland v. City of St. Louis*, 2012 WL 511827, *4 (E.D. Mich. 2012) ("[W]hile it is true that Plaintiff cannot grieve the decision of an administrative hearing officer, his Complaint allegation is that the underlying misconduct charge—not the hearing officer's decision—was retaliatory. Plaintiff could have and was, therefore, required to grieve the alleged retaliatory misconduct charge.") (footnote omitted), citing *Boyd v. Ray*, 19 Fed.Appx. 209, 2001 WL 1042261 (6th Cir. 2001) (where the plaintiff's claim did not involve the administrative hearing officer's decision but rather an allegation that the underlying misconduct charge was false, he was required to exhaust his administrative remedies). However, the Sixth Circuit recently affirmed a decision where this Court determined that a prisoner failed to exhaust a retaliation claim by failing to raise the issue during the misconduct ticket hearing process. *Carr v. Booker*, 2014 WL 409026 (E.D. Mich. Feb. 3, 2014), affirmed *Carr v. Booker*, Case No. 14-1258 (6th Cir. Dec. 4, 2014).

conspired to falsify a misconduct violation against Plaintiff. This, similar to the retaliation claim, deals with the issuance of the misconduct ticket and thus, per *Siggers v. Campbell*, should survive summary judgment because the Defendants have not presented any evidence to what Plaintiff stated at the initial misconduct ticket hearing. Without that evidence, the Court agrees with the Magistrate that the exhaustion issue surrounding these claims cannot be dealt with because there is no record as to whether Plaintiff actually exhausted his available administrative remedies for his retaliation and conspiracy claims about the issuance of the misconduct ticket during the proceedings.

However, the Court does agree with the R&R that the other claims have not been exhausted. The single grievance filed by Plaintiff that was properly exhausted does not name Defendants Singleton, Hughes or Steward nor can it be said to put these Defendants on notice for the claims brought against them [20-3]. The sole grievance also does not mention any conspiracy in his grievance, any violation of 42 U.S.C. § 1985, any retaliation unrelated to the misconduct ticket, any violation of the Equal Protection Clause, any violation of the Sixth Amendment, any claim based on a failure to disclose exculpatory evidence, or any claim relating to the destruction of legal materials or the confiscation of files. These are all allegations that are not a part of the decision made in the misconduct hearing because they do not impact the validity of the underlying misconduct allegations and the issuance of the misconduct

7

ticket and thus, per the R&R, they were not properly exhausted in the one grievance filed by Plaintiff to step III.

### 2. OBJECTIONS [50]

Plaintiff objects to the R&R on six grounds: (1) the administrative remedies were correctly exhausted when he reported to the Warden's Forum issues that affected multiple prisoners, per P.D.03.07.130(F) and (F)(1); (2) the misconduct ticket was fully exhausted because Plaintiff appealed it through to Warden Romanowski; (3) Plaintiff is entitled to sue Defendants in both their official and individual capacities; (4) Plaintiff exhausted claims as to all Defendants during the hearing process at his appeal of his misconduct before Warden Romanowski; (5) Plaintiff was deprived of his due process rights by Defendant Neuberger; (6) the affidavit submitted by Defendant Stemen creates a question of material fact and this claim should not be dismissed; and (7) the R&R did not address Plaintiff's 1988 claim so it must be allowed to go forward.

Objections one, two and four all hinge on an argument that all of Plaintiff's claims were exhausted properly because they were in fact non-grievable issues under PD..03.07.130(F). Therefore, Plaintiff argues he properly exhausted these claims when he appealed his misconduct violation to the Warden and alleged retaliation, and all the other offenses complained of here. However, the Court agrees with Magistrate on the exhaustion issue.

Plaintiff's claims brought before the Court are not all claims that are non-grievable, therefore many of Plaintiff's claims could only be properly raised through the grievance process. Per PD.03.07.130(F), it is not permitted for "two or more prisoners…[to] jointly file a single grievance regarding an issue of mutual impact or submit identical grievances regarding a given issue as an organized protest." The plain language of part F of the policy causes the Court to overrule Plaintiff's first objection. Plaintiff's objection is that he exhausted his claims under this policy because they were non-grievable since the issue impacted other prisoners besides Plaintiff. However, Plaintiff does not allege that he wished to file jointly or that other prisoners were filing identical grievances simultaneously; therefore his claims are not immediately non-grievable and objection one is overruled.

The Court rejects the second and forth objections because, as the Magistrate stated in the R&R, there is a question of fact of what happened regarding Plaintiff's misconduct charge claims. Plaintiff argues that the Warden overturned the hearing opinion that found him guilty, while the Step II grievance response indicates that it was not overturned [20-3]. Because of the lack of factual detail regarding the substance of the misconduct hearing in Defendants' arguments and the conflicting evidence as to the whether Plaintiff raised any claims of retaliation or conspiracy regarding his misconduct charge in the initial hearing, there is currently not enough evidence to rule on the exhaustion issue as to the misconduct claims. Thus

9

Defendant's objection must be overruled because a question of fact exists as to the exhaustion of the false misconduct ticket claims.

In objection three, Plaintiff states that he may sue the individual Defendants in both their official and unofficial capacities, citing *Ex Parte Young*, 209 U.S. 123 (1908) in support of his objection. However, the *Ex Parte Young* exception only applies in cases seeking prospective relief. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 509 (6th Cir. 2008), *citing Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 105, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The exception does not apply to past violations because that would "effectively eliminate the constitutional immunity of the states." *Id.* Therefore, the R&R was correct in the Eleventh Amendment Immunity analysis. Since the state has neither waived its sovereign immunity nor unequivocally consented to be sued, Plaintiff's complaint against the MDOC and its employees in their official capacities must be dismissed and Plaintiff's objection number three is overruled.

In his fifth objection, Plaintiff states that his substantive and procedural due process rights were violated when Defendant Neuberger allegedly failed to investigate Plaintiff's claims and allowed Defendant Stemen to make a contradictory statement. This objection does not change the outcome of the Magistrate's analysis, which the Court agrees with. With respect to the procedural due process claim, the "right to due procedural due process…generally focuses on whether there existed adequate notice

and an opportunity for the affected parties to be heard." *Bertovich v. Village of Valley View, Ohio*, 431 Fed. Appx. 455, 459-60 (6th Cir. 2011).

There is no dispute that Plaintiff was given a hearing on his misconduct ticket and took the opportunity afforded to appeal. Additionally, per Plaintiff's complaint, he states that the ticket was ultimately overturned by the Warden. Therefore, per the Plaintiff's own assertion, he participated in a procedural process that led to a successful dismissal of his misconduct ticket and his procedural due process rights as related to the misconduct ticket lack merit.

To successfully plead a federal substantive due process claim, there must be a protected liberty or property interest. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007), *citing Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972). According to *Sandin*, a prisoner has a liberty interest in disciplinary proceedings if the sanction faced by the inmate amounts to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of his sentence." *Sandin v. Conner*, 515 U.S. 472 (1995).

The Court agrees with the Magistrate that the removal of Plaintiff from the Warden's Forum and the temporary loss of privileges for four days is not an atypical or significant hardship and also has no inevitable impact on the duration of his sentence. *See Courtney v. Michigan Dep't of Corr.*, 2015 WL 4644811, at *5 (W.D. Mich. 2015) (Court found that removal from the Warden's Forum does not constitute

11

an atypical or significant hardship as required by *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995)). Additionally, the loss of privileges for four days suffered by Plaintiff is not an atypical or significant hardship. *See e.g. Sandin,* 515 U.S. at 484–86 (placement in administrative segregation for 30 days does not impose an atypical and significant hardship).

The Magistrate was also correct in concluding that Plaintiff lacks a liberty interest in the Warden's Forum position. There is no liberty or property interest in prison employment or in a right to wages. *See e.g. Dellis v. Corrections Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Carter v. Tucker*, 69 Fed.Appx 678, 680; 2003 WL 21518730 (6th Cir. July 1, 2003). Therefore there can be no due process claim from the loss of the Warden's Forum position based on a liberty or property interest.

To the extent that there are any other claims of due process violations stemming from the misconduct hearing process, the Sixth Circuit has routinely held that misconduct convictions that do not result in the loss of good time are neither atypical nor significant deprivations, and therefore Plaintiff's due process claims are without merit. *See e.g. Ingram v. Jewell*, 94 Fed.Appx. 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 Fed. Appx. 678, 680 (6th Cir. 2003); *Green v. Waldren*, 2000 WL 876765, at *2 (6th Cir. June 23, 2000).

In the sixth objection, Plaintiff argues that Stemen's affidavit creates an issue of fact between Plaintiff and Stemen, and therefore he objects to his dismissal. In this

Order, the Court declined to adopt the recommended dismissal of Defendant Stemen because the Defendants have not shown that the conspiracy to falsify the misconduct ticket claim has not been exhausted. Therefore, this objection is sustained and Defendant Stemen is not dismissed from the case.

Finally, in his last objection, Plaintiff states that the R&R did not address Plaintiff's 1988 claim so it must be allowed to go forward. 42 U.S.C. §1988 exists to allow the Court, at its discretion, to award the prevailing party in a civil rights proceeding a reasonable attorney's fee as part of the costs. It is well established that "§1988 does not create federal causes of action for violation of civil rights." *Henderson v. Reyda*, 192 F. App'x 392, 397 (6th Cir. 2006); *see also Monell v. Department of Social Servs. of City of N.Y.*, 436 U.S. 658 at 701 n. 66 ("42 U.S.C. § 1988 cannot be used to create a federal cause of action where § 1983 does not otherwise provide one"). Given that this is not an independent cause of action, there was no need to address §1988 further. Therefore, Plaintiff's objection regarding the §1988 claim is overruled as moot.

## CONCLUSION

In conclusion, the practical effect of this Order dismisses all claims against Defendants Singleton, Steward and Hughes. Summary Judgment is denied as to the claims relating to relation by Defendants Visconti and Bridges and the claims of conspiracy to falsify misconduct tickets by Defendants Neuberger, Benson and Stemen.

**IT IS ORDERED** that the Report and Recommendation [48] is **ADOPTED in part.**

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment [20] is **GRANTED in part.**

**IT IS FURTHER ORDERED** that Plaintiff's Judicial Notice [25] is **DENIED as moot.**

**SO ORDERED**.


                                            s/Arthur J. Tarnow
                                            Arthur J. Tarnow
Dated: September 20, 2016                   Senior United States District Judge