UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL AYOTTE,                                    Case No. 15-13826

       Plaintiff,                              Arthur J. Tarnow
v.                                              United States District Judge

B. STEMEN, *et al*,                             Stephanie Dawkins Davis
                                                United States Magistrate Judge
       Defendants.
_____/

**REPORT AND RECOMMENDATION**
**MOTION FOR SUMMARY JUDGMENT (Dkt. 63)**

**I.  PROCEDURAL HISTORY**

On April 7, 2017, defendants Bridges, Neuberger, Stemen, and Visconti filed a motion for summary judgment based on failure to exhaust administrative remedies. (Dkt. 63). The issue of exhaustion regarding matters related to plaintiff's retaliation claim and claims stemming from his misconduct ticket were the subject of a previous motion. The Court determined that the record was incomplete and no decision on exhaustion on these matters could be reached. (Dkt. 48, 51). Thus, defendants now bring this motion, which has been fully briefed. (Dkt. 67, 68, 72).

In their reply brief, defendants acknowledge that the briefing in this matter reveals a genuine issue of material fact regarding exhaustion of administrative remedies. (Dkt. 72). In his response, the plaintiff creates two disputed questions

1

of fact regarding his exhaustion efforts: (1) he claims, in contradiction to Defendant Neuberger, that he did raise his issues at his misconduct hearing, and (2) he claims to have submitted a different appeal form raising different issues than the one received by MDOC.  (Dkt. 72, citing Dkt. 67).  Defendants point out that when there are material disputed facts regarding exhaustion, those issues are appropriately resolved at a bench trial on the exhaustion issue.  *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015).  Because the exhaustion issue here turns on disputed facts, defendants request that the Court hold a one-day bench trial to resolve this issue. (Dkt. 72).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion for summary judgment be **DENIED** on the issue of exhaustion of administrative remedies and that this matter be resolved via bench trial.  Should the Court adopt this recommendation, the undersigned suggests that counsel be appointed for plaintiff before the bench trial is conducted.

## II.   DISCUSSION

### A.   Standard of Review

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  "A party asserting that a fact cannot be or is genuinely disputed must support that assertion

by: (A) citing to particular parts of materials in the record...; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v. Scott*, 329 F.Supp.2d 905, 910 (6th Cir. 2004).

In order to fulfill this burden, the non-moving party need only demonstrate the minimal standard that a jury could ostensibly find in his favor. *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 251.

The Court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Such a determination requires that the Court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Id*. at 254. Thus, if the plaintiff must ultimately prove his case at trial by a preponderance of the evidence, on a motion for summary judgment the Court must determine whether a jury could reasonably find that the plaintiff's factual contentions are true by a preponderance of the evidence. *See id.* at 252-53. Finally, if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323. The Court must construe Rule 56 with due regard not only for the rights of those "asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury," but also for the rights of

4

those "opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id.* at 327.

    B.    <u>Exhaustion of Administrative Remedies</u>

        1.    Legal standards

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a)'s "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle,* 534 U.S. 516, 520 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. In *Jones v. Bock,* 549 U.S. 199 (2007), the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones,* 549 U.S. at 216. "Compliance with prison grievance procedures ... is all that is required by the PLRA to 'properly exhaust.'" *Jones,* 549 U.S. at 218. "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought

and offered through administrative avenues." *Booth v. Churner,* 532 U.S. 731, 741 n. 6 (2001). "[P]roper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

In *Jones v. Bock*, the Supreme Court also held that the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Jones*, 549 U.S. at 218. Accordingly, exhaustion is satisfied if plaintiff complied with the applicable grievance procedure and defendants bear the burden of showing otherwise. *Kramer v. Wilkinson*, 226 Fed. Appx. 461, 462 (6th Cir. 2007) (A prisoner-plaintiff "does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.").

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden–the plaintiff on a claim for relief or the defendant on an affirmative defense–his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized repeatedly that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no

6

reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Here, defendants bears the burden of proof on their affirmative defense of failure to exhaust administrative remedies.

      2.      Analysis and Conclusion

As noted above, the Court previously held that a prisoner must raise the issue of retaliation at his misconduct hearing in order to exhaust his administrative remedies. (Dkt. 51, Pg ID 479) (citing *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011)). Defendant Neuberger conducted the plaintiff's hearing on the ticket. (Dkt. 63, Ex. A, ¶ 4, Affidavit of Neuberger). Neuberger says he accurately recorded the plaintiff's defenses on the misconduct hearing report. According to Neuberger, at the hearing, the plaintiff did not claim that any staff set him up or retaliated against him. *Id*. Defendants point out that if an inmate is unhappy with the result of a class-II misconduct hearing, he may appeal the decision. (*See* Policy Directive 03.03.105(UUU)).[1] The plaintiff filed such an appeal and a copy is attached to Neuberger's affidavit. (Dkt. 63, Pg ID 579-80). In his appeal, the plaintiff again did not raise the issue of staff retaliation. He did, however, argue that any prisoner who wanted his job could have hidden the hamburgers in his coat. *Id*.

According to plaintiff's affidavit filed in response to the motion for summary

judgment, plaintiff says he told Neuberger in person that Stemen set him up for reporting unsafe food practices to the Wardens Forum and that this was done in retaliation for his complaining at the Forum. (Dkt. 67, Pg ID 589-90). Plaintiff also says that Neuberger told him that he was postponing the hearing to gather more evidence to do his investigation, and would call plaintiff back to continue the hearing, but that never happened. (Dkt. 67, Pg ID 590). Plaintiff received the hearing report about a week later. Plaintiff says he noticed that none of what he told Neuberger was in the report and that he did allege retaliation at the hearing. *Id.* at Pg ID 591. Plaintiff also contends that the misconduct appeal documents submitted by Neuberger are false, fabricated documents and the handwriting purporting to belong to plaintiff is not his handwriting. *Id.* at Pg ID 592.

In *Ross v. Blake*, 136 S.Ct. 1850, 1858-59 (2016), the Supreme Court concluded that if the prisoner is effectively barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required. Specifically, the Court articulated three scenarios under which a prison's grievance procedures may be rendered unavailable:

> As relevant here, there are three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief. First, an administrative procedure is unavailable when it operates as a simple dead end—with officers unable or

---

[1] *See* http://www.michigan.gov/documents/corrections/0303105_493411_7.pdf. (Last visited 10/19/17).

8

> consistently unwilling to provide any relief to aggrieved inmates. Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use—i.e., some mechanism exists to provide relief, but no ordinary prisoner can navigate it. And finally, a grievance process is rendered unavailable when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation.

*Id*. at 1858-1860. Here, defendants contend that plaintiff never raised the retaliation issue at the misconduct hearing while plaintiff claims that he did raise the issue and that defendants failed to include that claim in the records and otherwise falsified materials relating to the misconduct hearing. If plaintiff's version of events is believed, by ignoring and failing to address plaintiff's claim of retaliation during the administrative process for his misconduct ticket, it may be reasonably concluded that that defendants made it impossible for plaintiff to obtain any relief.

Thus, the parties' competing stories present a classic case of a material factual issue, precluding summary judgment. For the Court to select one party's version of events would require a credibility determination, which is not permissible in the context of summary judgment. *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587 (1986) (When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine dispute of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence.); *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (The court

9

may not make credibility judgments or weigh the evidence.). In the view of the undersigned, there is a material question of fact regarding whether plaintiff properly exhausted his administrative remedies or whether defendants made it impossible for him to obtain relief, thus relieving him of his obligation to exhaust. Thus, as defendants suggest, this matter will need to be resolved via bench trial. *See Anderson v. Jutzy*, 175 F.Supp.3d 781, 787 (E.D. Mich. 2016) (citing *Palmer v. Flore*, 3 F.Supp.3d 632, 636 (E.D. Mich. 2014)) (If material fact issues preclude summary judgment, the exhaustion defense may be tried to the Court under Rule 52(a)(1)); *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015) (When factual disputes arise regarding the issue of exhaustion, the Sixth Circuit has found that a district court may resolve the disputes in a bench trial).

**III.   RECOMMENDATION**

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion for summary judgment be **DENIED** on the issue of exhaustion of administrative remedies and that this matter be resolved via bench trial. Should the Court adopt this recommendation, the undersigned suggests that counsel be appointed for plaintiff before the bench trial is conducted.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local

Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 8, 2017                    s/Stephanie Dawkins Davis
                                          Stephanie Dawkins Davis
                                          United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

  I certify that on <u>December 8, 2017</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by U.S. Postal Service to the following non-ECF participant: <u>Paul Ayotte, #183113, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048.</u>

            <u>s/Tammy Hallwood</u>
            Case Manager
            (810) 341-7887
            tammy_hallwood@mied.uscourts.gov