UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL AYOTTE,

      Plaintiff,

v.

STEMEN, ET AL.,

      Defendants.

_____/

Case No. 15-13826

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE STEPHANIE
DAWKINS DAVIS

**ORDER ADOPTING REPORT AND RECOMMENDATION [80]; OVERRULING PLAINTIFF'S OBJECTIONS [82]; AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [63]**

Plaintiff Paul Ayotte filed the instant prisoner civil rights action on October 26, 2015. Defendants Visconti, Bridges, Stemen, and Neuberger filed a Motion for Summary Judgment Based on Exhaustion [63] on April 7, 2017. Plaintiff filed a Response [67] on May 2, 2017 and a Second Response [68] on May 11, 2017. Defendants filed a Reply [72] on June 30, 2017. Plaintiff filed a Response to Reply [73] on July 18, 2017.

On December 8, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") [80] recommending that the Court deny Defendants' Motion for Summary Judgment on the issue of exhaustion and order that the matter be resolved in a one-day bench trial. The R&R further recommends that counsel be appointed for Plaintiff before the bench trial is held.

Plaintiff filed Objections [82] to the R&R on December 27, 2017.

For the reasons stated below, the R&R [80] is **ADOPTED**; Plaintiff's Objections [82] are **OVERRULED**; and Defendants' Motion for Summary Judgment [63] is **DENIED**.

**PROCEDURAL BACKGROUND**

**I.      Defendants' First Motion for Summary Judgment [20]**

On December 22, 2015, Defendants filed their first Motion for Summary Judgment [20]. On August 11, 2016, the Magistrate Judge issued an R&R [48] recommending that the Court grant in part and deny in part Defendants' Motion for Summary Judgment [20].

On September 20, 2016, the Court adopted in part the R&R [48]. [Dkt. #51]. In its Order [51], the Court dismissed all of Plaintiff's claims except those against Defendants Visconti and Bridges for alleged retaliation under the First Amendment and against Defendants Stemen, Benson, and Neuberger for alleged conspiracy to falsify a misconduct ticket. Specifically, the Court held that Defendants failed to show that Plaintiff's claim for conspiracy to falsify a misconduct ticket claim had not been exhausted. [Dkt. #51 at 13].

On August 31, 2017, Plaintiff filed a Motion to Vacate its Previous Order Granting Summary Judgment [75]. The Court denied the Motion to Vacate [75] on November 28, 2017.

**II.      Defendants' Second Motion for Summary Judgment Based on**

**Exhaustion [63]**

Defendants filed the instant Motion for Summary Judgment Based on Exhaustion [63] on April 7, 2017. Plaintiff filed a Response [67] on May 2, 2017 and a Second Response [68] on May 11, 2017. On June 30, 2017, Defendants filed a Reply [72], in which they conceded that there are material disputed facts concerning exhaustion and proposed that the Court hold a bench trial to resolve the factual disputes.

On December 8, 2017, the Magistrate Judge issued the instant R&R [80]. Plaintiff filed Objections [82] to the R&R [80] on December 27, 2017.

### III. Service and Discovery Motions

On January 5, 2016, Plaintiff filed a Motion to Compel Service [22]. On June 29, 2016, the Magistrate Judge issued an Order [46], which, *inter alia*, denied as moot Plaintiff's Motion to Compel Service [22].

Defendants filed a Motion to Stay Discovery [32] on March 23, 2016. Plaintiff filed a Response [35] on April 6, 2016. On March 8, 2017, the Magistrate Judge granted Defendants' Motion to Stay Discovery. [Dkt. #58].

On March 23, 2017, Plaintiff filed a Motion to Supplement Complaint [61]. Defendants filed a Response [69] on May 17, 2017. The Magistrate Judge denied Plaintiff's Motion to Supplement Complaint on December 8, 2017. [Dkt. #81].

Plaintiff's Objections [82] to the R&R, filed on December 27, 2017, include objections to: Order [46] Denying Plaintiff's Motion to Compel Service [22]; Order

[58] Granting Defendants' Motion to Stay Discovery; and Order [81] Denying Plaintiff's Motion to File Supplemental Complaint [61].[1]

ANALYSIS

**I. Plaintiff's Objection Concerning Exhaustion of Remedies**

In Section I of Plaintiff's Objections [82], Plaintiff objects to the R&R's recommendation concerning exhaustion of remedies.

This Court reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Nickelson v. Warden*, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012); *see also Senneff v. Colvin*, No. 15-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017).

Plaintiff asks that the Court decline to adopt the R&R's findings on exhaustion. Plaintiff argues that the Magistrate Judge erred "by basing her decision on the fallacy submitted by the Defendants and not by discerning facts from the factual record." [Dkt. #82 at 8]. It seems as though Plaintiff is arguing that a bench trial on the issue of

---

[1]The objections are labeled as "Plaintiff's Objection Concerning Service and Discovery" (Section II) and "Plaintiff Objections to Magistrate's Ruling on Motion to Amend Defendant's Continuous Retaliatory Conduct" (Section IV).

exhaustion is unnecessary because Defendants have been lying to the Court and the Court may simply accept Plaintiff's version of the facts as true.

Plaintiff misconstrues the Court's role in deciding a motion for summary judgment. "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Here, the Magistrate Judge found a genuine issue of fact with respect to exhaustion. As explained in the R&R:

> [T]he plaintiff creates two disputed questions of fact regarding his exhaustion efforts: (1) he claims, in contradiction to Defendant Neuberger, that he did raise his issues at his misconduct hearing, and (2) he claims to have submitted a different appeal form raising different issues than the one received by MDOC.
>
> [Dkt. #80 at 2].

The Magistrate Judge properly viewed this evidence in the light most favorable to Plaintiff in recommending that the Court deny Defendants' Motion for Summary Judgment. *See* [Dkt. #82 at 9].

The R&R further recommends that the Court hold a one-day bench trial on the issue of exhaustion. The Sixth Circuit has explained that ". . . disputed issues of fact regarding exhaustion under the PLRA . . . [may] be decided in a bench trial." *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). Because there is a material question of fact as to whether Plaintiff properly exhausted his administrative remedies, a one-day bench trial before the Magistrate Judge is appropriate in this case. Moreover, the

Court adopts the R&R's recommendation that counsel be appointed to represent Plaintiff at the bench trial. At the bench trial, Plaintiff will have the opportunity to present evidence to support his exhaustion claim and to challenge Defendants' credibility. Plaintiff's objection is overruled.

## II. Plaintiff's Objections Concerning Service and Discovery and Objection to Ruling on Motion to Amend

In Sections II and IV of Plaintiff's Objections [82], Plaintiff contests the Magistrate Judge's rulings on three separate, non-dispositive matters. The Court construes the aforementioned sections as objections to Orders [46, 58, 81].

When a litigant objects to a magistrate judge's ruling on a non-dispositive pretrial matter, the court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard does not permit a district court to reverse the magistrate judge's finding simply because it would have decided the issue differently. *Anderson v. City of Bessemer, N.C.*, 470 U.S. 564, 573 (1985). Rather, a "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

As an initial matter, Plaintiff's objections to Orders [46, 58] are untimely. Fed. R. Civ. P. 72 provides that a party has 14 days to file its objections to orders on non-dispositive matters. The Magistrate Judge issued Order [46] on June 29, 2016 and

Order [58] on March 8, 2017. Plaintiff filed the instant objections on December 27, 2017. Plaintiff offers no reason for the lengthy delay in filing his objections.

Furthermore, Plaintiff's objections to Orders [46, 58, 81] are without merit.

First, with respect to Order [46], the Magistrate Judge properly denied Plaintiff's Motion to Compel Service as moot. In support of its ruling, the Magistrate Judge explained that the Court recently ordered Plaintiff to provide an address to serve Defendant Benson because the U.S. Marshals had been unable to effectuate service at her last known address. [Dkt. #46 at 1]. The Magistrate Judge further explained that the Court ordered Plaintiff to show cause why dismissal should not be recommended as to Defendant Singleton because she is deceased. *Id*. The Magistrate Judge did not err in denying Plaintiff's Motion to Compel as moot where the Court had already addressed the issues regarding service raised in the motion.

Second, with respect to Order [58], the Magistrate Judge's decision to stay discovery was not clearly erroneous. The Magistrate Judge explained that substantive discovery was not warranted at this stage in the proceedings because the preliminary issue of exhaustion had not yet been ruled upon. [Dkt. #58 at 1-2]. In his objection, Plaintiff submits that it is inappropriate for a court to grant summary judgment without affording a party the opportunity to conduct discovery. [Dkt. #11 at 29]. But, Plaintiff fails to acknowledge that the R&R [80] recommends denying, not granting, summary judgment. After the threshold issue of exhaustion has been resolved via bench trial, the Magistrate Judge may lift the stay on discovery.

Finally, with respect to Order [81], the Magistrate Judge did not clearly err in denying Plaintiff's Motion to Supplement Complaint. Applying the factors set forth in *Forman v. Davis*, 371 U.S. 178 (1962), the Magistrate Judge concluded that the proposed supplemental claim was not sufficiently related to the pending claims and further concluded that the addition of a new claim would unduly delay the proceedings. [Dkt. #81 at 5-6]. In his objection, Plaintiff argues that his proposed amendment relates back to the date of the original pleading under Fed. R. Civ. P. 15(c). However, Plaintiff's proposed amendment concerns an issue that is alleged to have occurred in January 2016, *see* [Dkt. #61], while the allegations in the Complaint [1] concern issues that occurred in late 2014 and early 2015. The proposed claim did not arise out of the conduct set out in the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(B).

None of the Magistrate Judge's rulings were clearly erroneous or contrary to law. Accordingly, Plaintiff's objections to Orders [48, 56, 81] are overruled.

### III. Defendants' Fraud Upon the Court

In Section III of Plaintiff's Objections [82], Plaintiff moves the Court to "reverse all of its Order granting relief to the Defendants when, as here, [sic] knowingly perjured themselves and fabricated evidence to obtain a favorable judgment." [Dkt. #82 at 13]. The Court construes Plaintiff's request as a motion for reconsideration of Order [79] denying Plaintiff's Motion to Vacate its Previous Order

Granting Summary Judgment in Favor of the Defendants Based on Defendants' Fraud Upon this Court [75].

Local Rule 7.1(h)(3), which governs motions for reconsideration, provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See also Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only ". . . if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case.").

Plaintiff repeats the allegations of fraud set forth in his Motion to Vacate [75]. However, to succeed on a motion for reconsideration, Plaintiff may not simply rehash his arguments, but must demonstrate a palpable defect by the Court. *See United States v. Smith*, No. 08-20349, 2009 WL 55008, at *1 (E.D. Mich. Jan. 7, 2009). Plaintiff has made no such showing here. Therefore, Plaintiff's motion for reconsideration is denied.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the R&R [80] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [82] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment Based on Exhaustion [63] is **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge hold a one-day bench trial on the issue of exhaustion of administrative remedies, for preparation of a Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff is provisionally appointed counsel to represent him at the bench trial.

**SO ORDERED**.

Dated: February 8, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge