UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

P<span/>AUL A<span/>YOTTE,

      Plaintiff,

v.

S<span/>TEMEN, ET AL.,

      Defendants.

                                     /

Case No. 15-13826

S<span/>ENIOR U.S. D<span/>ISTRICT J<span/>UDGE
A<span/>RTHUR J. T<span/>ARNOW

U.S. M<span/>AGISTRATE J<span/>UDGE
S<span/>TEPHANIE D<span/>AWKINS D<span/>AVIS

**O<span/>RDER A<span/>DOPTING R<span/>EPORT AND R<span/>ECOMMENDATION [115]; O<span/>VERRULING P<span/>LAINTIFF'S O<span/>BJECTIONS [118]; AND D<span/>ISMISSING D<span/>EFENDANTS N<span/>EUBERGER, B<span/>RIDGES, AND B<span/>ENSON**

Plaintiff Paul Ayotte commenced this prisoner civil rights action on October 26, 2015. Defendants filed a Motion for Summary Judgment Based on Exhaustion [63] on April 7, 2017. On February 8, 2018, the Court ordered the Magistrate Judge to conduct a bench trial on the issue of exhaustion. Dkt. #83. The Magistrate Judge held a bench trial on July 10, 2018 and August 23, 2018.

On February 27, 2019, the Magistrate Judge issued a Report and Recommendation [115] ("R&R") recommending that this Court find that Defendants have not met their burden of establishing that Plaintiff failed to exhaust his administrative remedies with respect to Defendant Stemen, but that Defendants have met their burden of establishing that Plaintiff failed to exhaust his administrative remedies with respect to Defendants Anna Benson, Peter Neuberger,

and William Bridges. The R&R further recommended dismissing Defendants Benson, Neuberger, and Bridges from this action.

Plaintiff, through counsel, filed Objections [118] to the R&R on March 13, 2019. This Court reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In Objection No. 1, Plaintiff objects to the R&R's recommendation to dismiss Defendants Benson, Neuberger, and Bridges on the grounds that he was not required to name each individual defendant at the misconduct hearing in order to properly exhaust. Plaintiff correctly notes that neither the Prison Litigation Reform Act ("PLRA") nor Michigan Department of Corrections ("MDOC") Policy imposes a "name all defendants" requirement. *See Jones v. Bock*, 549 U.S. 199, 217 (2007). But the issue before the Court is whether Plaintiff satisfied the "proper exhaustion" requirement, not whether he named each defendant at the misconduct hearing. *See id.* at 219 ("We do not determine whether the grievances filed by petitioners satisfied the requirement of 'proper exhaustion,' but simply conclude that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

The Supreme Court has identified two purposes behind the PLRA's exhaustion requirement: 1) to give the "agency an opportunity to correct it own mistakes;" and 2) to promote efficiency. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

The Court disagrees with Plaintiff's claim that his statements to Defendant Neuberger during the misconduct hearing fulfilled these objectives. As the Magistrate Judge explained, "[Plaintiff] has consistently made it clear, at every level of this process, that Stemen is the only person involved in the purported setup." R&R at 20. The crux of Plaintiff's defense at the misconduct hearing was that Stemen had set him up by putting the hamburgers in his coat. Plaintiff not only failed to name any other person involved in the setup, but also failed to make any allegations concerning Stemen's coordination with other officers for purposes of asserting his conspiracy claim. Objection No. 1 is overruled.

In Objection No. 2, Plaintiff objects to the R&R's recommendation to dismiss Defendants Benson, Neuberger, and Bridges on the grounds that the exhaustion process was unavailable to him. To support this argument, Plaintiff relies on *Ross v. Blake*, 136 S. Ct. 1850 (2016) in which the Supreme Court held that an administrative procedure may be considered unavailable for purposes of excusing a prisoner's failure to exhaust when:

> [1] it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . [2] [it is] so opaque that it becomes, practically speaking, incapable of use—*i.e.,* some mechanism exists to provide relief, but no ordinary prisoner can navigate it . . . . [or] [3] prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation.

*Id.* at 1853-54.

None of the circumstances described in *Ross* applies here. MDOC procedures, as interpreted by the Sixth Circuit, provide that in order for a prisoner to exhaust a claim that he was issued a misconduct ticket based on retaliation, he must raise this argument at the first misconduct hearing. *Siggers v. Campbell*, 652 F. 3d 681, 694 (6th Cir. 2011). The fact that Plaintiff successfully raised his retaliation claim as to Stemen at the hearing wholly undermines his position that MDOC's exhaustion procedures "operate as a simple dead end" or are "incapable of use." Furthermore, Plaintiff offers no evidence to suggest that MDOC administrators somehow thwarted him from taking advantage of the opportunity to raise his staff retaliation claim at the misconduct hearing. That Plaintiff failed to use the exhaustion process presented to him does not render that process unavailable. Objection No. 2 is overruled.

Accordingly,

**IT IS ORDERED** that the R&R [115] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [118] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants Benson, Neuberger, and Bridges are **HEREBY DISMISSED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 26, 2019            Senior United States District Judge