UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL AYOTTE,

        *Plaintiff*,

v.

CASE NO. 15-cv-13826
DISTRICT JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PATRICIA T. MORRIS

B. STEMEN, and
M. VISCONTI,

        *Defendants.*[1]

_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (ECF No. 128)**

**I.   Introduction**

This case has a lengthy procedural history that need not be reiterated here. Presently before the court is Defendants Stemen and Visconti's motion for summary judgment. (ECF No. 128.) Plaintiff responded to the motion on March 13, 2020. (ECF No. 133.)

For the reasons that follow, I **RECOMMEND DENYING** the motion. (ECF. No. 128.)

**II.   Report**

    **A.   Law and Analysis**

        **1.   Summary Judgment Standards**

---

[1] Other Defendants were terminated from the case on March 26, 2019 and September 20, 2019.

1

When a movant shows that "no genuine dispute as to any material fact" exists, the court will grant his or her motion for summary judgment. Fed. R. Civ. P. 56(a). In reviewing such motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp.

2

2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493.

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### 2. Analysis

The remaining claims are First Amendment retaliation and conspiracy against Defendants Visconti and Stemen. Plaintiff's claims center around the fact that he was elected to the Warden's Forum, he was also employed as a food service cook, and that he complained about food service issues at the Warden's Forum. The issues he raised regarded "broken equipment, spoiled and outdated food, improper cool down, and overuse of leftovers." (ECF No. 1, PageID.4.) Plaintiff contends that former Defendant Benson accused him of "snitching" on her, and thus began writing false misconduct reports for the apparent purpose of causing him to lose his job. (*Id.*) Plaintiff alleges that Benson warned

him to "be careful and watch [himself]" because she and Defendant Stemen were very close and that if Benson "wants someone out of here" that Defendant Stemen is "the one that makes it happen." (*Id*.) Defendant Stemen issued Plaintiff a misconduct ticket shortly thereafter. Plaintiff alleges that Defendant Stemen told him "now go report that to the Warden's Forum" making clear that the ticket was in retaliation for his speech. Plaintiff was initially found guilty at the hearing and he was removed from his job in the kitchen, but that decision was overturned by the Warden and the ticket was dismissed. (ECF No. 1, PageID.6.) After the dismissal, Defendant Visconti denied Plaintiff's request for back pay and reinstatement. Plaintiff alleged that initially Defendant Visconti indicated that she would "take care of" the reinstatement and back pay but then a week later, she refused saying, "good luck with that." (ECF No. 1, PageID.4.)

Defendants contend that they are entitled to summary judgment because: (1) Defendants "had no knowledge of Plaintiff's complaints at the Warden's Forum" and thus, Plaintiff cannot state a First Amendment claim for retaliation; and (2) Defendants are entitled to qualified immunity because the misconduct ticket issued by Defendant Stemen was rescinded by the warden on appeal and Defendant Visconti denied Plaintiff's request for back pay because "she was unaware that the warden rescinded the misconduct ticket" and because "[n]either Defendant was aware of Plaintiff's speech at the warden's forum." (ECF No. 128, PageID.1341.) Central to both issues is whether Defendants were aware of Plaintiff's speech at the warden's forum. Thus, the court will focus on that very issue to determine whether a genuine issue of material fact exists as to both retaliation and qualified immunity issues.

A retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Here, the truly disputed element is the third element, causal connection.[2]

The elements of a claim under 42 U.S.C. § 1985 are: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Taylor v. Streicher*, 465 F/ App'x 414. 419-20 (6th Cir. 2012). It is the existence of the conspiracy itself that is at issue here.

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct '"does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citations omitted). As such, once the defense is raised, Plaintiff bears the burden of demonstrating that the defendant official (1) violated a statutory or constitutional right, and (2) "the right was clearly established at the time of the challenged conduct." *Jacobs v. Alam*, 915 F.3d 1028, 1039 (6th Cir. 2019) (*quoting Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). The facts are to be "viewed in the light most favorable to the plaintiff[.]"

---

[2] Defendants hint that Plaintiff's speech was not protected because the Warden's Forum is not the appropriate place to air personal grievances. (ECF No. 128, PageID.1350-51.) However, I find this argument irrelevant since it cannot be seriously argued that speech about food service policy, including food safety, is not protected speech.

5

*Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005).

### a. Defendant Visconti

As to knowledge of Plaintiff's protected activity, Defendant Visconti contends that although she attended "a few meetings" of the Warden's Forum over her 26-year career, she "had no knowledge of Plaintiff being on the Warden's Forum and had never heard of any complaints made by Plaintiff." (ECF No. 128, PageID.1347; Ex. D, Visconti Dep.) Defendant Visconti argues that Plaintiff has insufficient evidence that she acted in retaliation because although she attended meetings where Plaintiff aired his grievances, "she did not stay to discuss the issues of the prisoners" and "never had any knowledge that Plaintiff was on the Warden's Forum and had never heard or had been told about any grievance issues by the Plaintiff." (ECF No. 128, PageID.1355-1356, Ex. D, Visconti Dep.) As for her failure to reinstate Plaintiff or provide him back pay, Defendant Visconti argues that she "was unaware that the misconduct ticket was pulled by Warden Romanowski." (ECF No. 128, PageID.1346; Ex. D, Visconti Dep.)

On the other hand, Plaintiff has testified that the only interaction he had with Defendant Visconti was at the Warden's Forum and that his is the very place he spoke to Defendant Visconti about back pay and reinstatement. (ECF No. 133, PageID.1446, Ex. A, Ayotte Dep.) In addition, Plaintiff testified that he sent a "kite" to Defendant Visconti requesting back pay and reinstatement but that she denied his request despite the fact that she was informed the ticket had been dismissed. (ECF No. 133, PageID.1447, Ex. A, Ayotte Dep.)

I suggest that Defendant Visconti's knowledge or lack thereof, is a genuinely disputed material fact regarding the causal connection between Plaintiff's conduct and the adverse action he suffered that requires resolution by a factfinder.

Finally, I suggest that Defendant is not entitled to qualified immunity as Plaintiff's First Amendment rights are well established.

### b. Defendant Stemen

Defendant Stemen argues that he "hardly knew" Benson and was "unaware that Plaintiff was on the Warden's Forum." (ECF No. 128, PageID.1344, EXs A, B, Stemen and Benson Deps.) Defendant Stemen states that he issued a misconduct ticket because "while conducting security rounds, [he] discovered a coat behind a metal rack in the food service area with several hamburger patties stuffed up the sleeve" and the coat was identified as belonging to Plaintiff. (ECF No. 128, PageID.1345, Ex. A, Stemen Dep.) Finally, Defendant Stemen contends that Plaintiff has only "speculation" regarding his conspiracy theory and that this is "insufficient to rebut the evidence presented in this motion." (ECF No. 128, PageID.1353.)

On the other hand, Plaintiff proffers that Benson testified that she knew and spoke with Defendant Stemen whenever she saw him. (ECF No. 133, PageID.1449, Ex. E, Stemen Dep.) In addition, Benson testified that she knew Plaintiff had leveled complaints about food service and soon thereafter Plaintiff was warned to watch himself around Benson because Benson and Stemen were "very close" such that if Benson wants someone out, Stemen "makes it happen." (ECF No. 133, PageID.1449, Ex. D, Benson Dep; ECF

7

No. 1, PageID.4.) Stemen's writing of the misconduct ticket was close in time to these occurrences. (ECF No. 133, PageID.1449-1450.)

This is not a case where Plaintiff's allegations of a conspiracy are so widespread, unfocused, or conclusory as to warrant dismissal. Instead, the above discourse shows that there are genuine issues of material fact as to whether Benson and Defendant Stemen conspired with one another that prevent summary judgment.

Finally, I suggest that Defendant is not entitled to qualified immunity as Plaintiff's First Amendment rights are well established.

### B. Conclusion

In light of the above analysis, **IT IS RECOMMENDED** that Defendants' motion for summary judgment be **DENIED**. (ECF No. 128.)

### III. Review

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d

8

390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 6, 2020                                        S/ PATRICIA T. MORRIS
                                                            Patricia T. Morris
                                                            United States Magistrate Judge


**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: April 6, 2020                                        By s/Kristen Castaneda
                                                            Case Manager

9