UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL AYOTTE,

      Plaintiff,

v.

B. STEMEN, ET AL.,

      Defendants.

                                   /

Case No. 15-13826

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
PATRICIA T. MORRIS

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [135]; SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION [136]; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [128]**

Plaintiff Paul Ayotte filed this prisoner civil rights action on October 26, 2015. On January 31, 2020, Defendants M. Visconti and B. Stemen filed a Motion for Summary Judgment [128] of the remaining First Amendment retaliation and conspiracy claims. Plaintiff filed a Response [133] on March 13, 2020. Defendants filed a Reply [134] on March 27, 2020. On April 6, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R") [135] recommending that the Court deny Defendant's motion. Defendants filed Objections [136] to the R&R on April 20, 2020. Plaintiff filed a Response [138] on May 4, 2020.

For the reasons stated below, the R&R [135] is **ADOPTED in part**; Defendant's Objections [136] are **OVERRULED IN PART and SUSTAINED IN**

**PART**; and Defendant's Motion for Summary Judgment [128] is **GRANTED IN PART and DENIED IN PART**.

### FACTUAL AND PROCEDURAL BACKGROUND

The Court adopts the facts of this case as set forth in the R&R:

Plaintiff's claims center around the fact that he was elected to the Warden's Forum, he was also employed as a food service cook, and that he complained about food service issues at the Warden's Forum. The issues he raised regarded "broken equipment, spoiled and outdated food, improper cool down, and overuse of leftovers." (ECF No. 1, PageID.4.) Plaintiff contends that former Defendant Benson accused him of "snitching" on her, and thus began writing false misconduct reports for the apparent purpose of causing him to lose his job. (*Id.*) Plaintiff alleges that Benson warned him to "be careful and watch [himself]" because she and Defendant Stemen were very close and that if Benson "wants someone out of here" that Defendant Stemen is "the one that makes it happen." (*Id.*) Defendant Stemen issued Plaintiff a misconduct ticket shortly thereafter. Plaintiff alleges that Defendant Stemen told him "now go report that to the Warden's Forum" making clear that the ticket was in retaliation for his speech. Plaintiff was initially found guilty at the hearing and he was removed from his job in the kitchen, but that decision was overturned by the Warden and the ticket was dismissed. (ECF No. 1, PageID.6.) After the dismissal, Defendant Visconti denied Plaintiff's request for back pay and reinstatement. Plaintiff alleged that initially Defendant Visconti indicated that she would "take care of" the reinstatement and back pay but then a week later, she refused saying, "good luck with that." (ECF No. 1, PageID.4.).

Defendants contend that they are entitled to summary judgment because: (1) Defendants "had no knowledge of Plaintiff's complaints at the Warden's Forum" and thus, Plaintiff cannot state a First Amendment claim for retaliation; and (2) Defendants are entitled to qualified immunity because the misconduct ticket issued by Defendant Stemen was rescinded by the warden on appeal and Defendant Visconti denied Plaintiff's request for back pay because "she was unaware that the warden rescinded the misconduct ticket" and because "[n]either

Defendant was aware of Plaintiff's speech at the warden's forum." (ECF No. 128, PageID.1341.).

## STANDARD OF REVIEW

The Court's review of objections to a Magistrate Judge's R&R on a dispositive motion is *de novo*. 28 U.S.C. § 636(b)(1)(c). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed in error' are too general." *Novak v. Prison Health Services, Inc.*, No. 13-11065, 2014 WL 988942, at *3 (E.D. MICH. Mar. 13, 2014) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Ordinarily, objections that lack specificity do not receive *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). In addition, the Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3).

A party is entitled to summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Additionally, the Court views all of the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Anderson*, 477 U.S. at 255.

## ANALYSIS

**Objection 1:** "Defendants object to the extent a reasonable jury could not return a verdict for the nonmoving party." (ECF No. 136, PageID.1642).

Defendant Stemen argues that the Magistrate Judge erred in concluding that a reasonable jury could return a verdict for Plaintiff. Specifically, Defendant Stemen alleges that Plaintiff has not shown sufficient evidence to prove a connection between Stemen and Plaintiff's food service director, Anna Benson.

In order to prove retaliation, Plaintiff has the burden of showing three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999). A § 1983 conspiracy claim requires "an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the

complainant." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Hooks v. Hooks,* 771 F.2d 935, 943-44 (6th Cir. 1985)). Defendant claims that Plaintiff has not shown evidence of a conspiracy between Stemen and Benson. The Court disagrees.

Two pieces of circumstantial evidence point to a conspiracy between Stemen and Benson and a potential motive to take adverse action against Plaintiff's protected speech at the Warden's Forum. First, Plaintiff testifies that after he began complaining about food service issues at the Warden's Forum, Benson remarked to him "[o]h now that you're on the Warden's Forum you're going to start snitching on me?" (Compl. ¶13). Second, Plaintiff states that a food service co-worker, Mr. Patterson, stated that "I don't know what you did to piss off Benson, but she told all of us Stewards to start writing negative reports on you" and sure enough, Plaintiff claims that he began receiving false write-up reports. (*Id.* at ¶17-18); (ECF No. 133-2, PageID.1465,1468). Patterson additionally warned Plaintiff that he "should be careful and watch [himself] around [Benson]," because she was "very close with officer Stemen" and that "when [Benson] wants someone out of here, he's the one that makes it happen." (Compl. at ¶22). Plaintiff also testified that he observed that Benson and Stemen had "a close personal relationship." (ECF No. 133-2, PageID.1474, 1478-79).

Defendant argues that this evidence should be discounted because they are self-serving in nature and inadmissible testimony. The Sixth Circuit and the U.S. Supreme Court disagree, however. In *Davis v. Gallagher*, the Court of Appeals ruled that "[w]hen there is evidence to support each version of the parties' dueling allegations, summary judgment is not appropriate—even when the evidence includes self-serving statements from the parties." 951 F.3d 743, 745 (6th Cir. 2020).

The same can be said of this case. Stemen claims that he did not know Benson, while Plaintiff has presented reasons to believe that they not only knew each other, but conspired against him. Additionally, the U.S. Supreme Court stated that its interpretation of FRCP 56 does "not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Therefore, Plaintiff has shown sufficient evidence of a conspiracy such that a reasonable jury could return a verdict in his favor. Objection one is overruled.

**Objection 2:** "Defendants object to the extent the magistrate judge failed to address whether the protected right was a motivating factor in the alleged conduct." (ECF No. 136, PageID.1644).

Defendant Visconti argues that Plaintiff's protected speech at the Warden's Forum was not a motivating factor in denying him back pay, because she would have

taken the same action without the protected activity. The Court sustains the objection on alternate grounds and finds that Plaintiff has not proven a motivating factor to show retaliation by Visconti.

Plaintiff claims that "[b]ecause Ms. Visconti and Mr. Ayotte only interacted at the Warden's Forum, it is reasonable to infer that it was Mr. Ayotte's comments at these meetings that caused Ms. Visconti to retaliate against him . . . [and] [i]nferences show that Mr. Ayotte's comments on the Warden's Forum caused Ms. Visconti to take adverse action against him." (ECF No. 133, PageID.1446). Plaintiff asks the jury to infer from Visconti's mere presence at the Warden's Forum that she was motivated to retaliate against him. However, this inference is too speculative to make. Bare allegations of malice do not suffice to establish a constitutional claim. *Thaddeus-X,* 175 F.3d at 399 (quoting *Crawford–El v. Britton,* 118 S.Ct. 1584, 1592 (1998)). Plaintiff has not shown evidence of Visconti being disgruntled with Plaintiff's comments or any other pieces of circumstantial evidence pointing to a desire to retaliate. Moreover, Plaintiff has not given the jury any reason to conclude that failing to give him back pay, despite being entitled to it, was anything more than a negligence on Visconti's part.

At the summary judgment stage, Plaintiff is not "'relieved of his own burden of producing in turn evidence that would support a jury verdict.' Circumstantial evidence, like the timing of events or the disparate treatment of similarly situated

individuals, is appropriate." *Id.* (quoting *Anderson*, 477 U.S. at 256). In *Thaddeus-X*, the plaintiffs did "more than simply allege retaliation: in their verified complaint and in an additional affidavit, they . . . put forward a number of specific, nonconclusory allegations and identified affirmative evidence that could support a jury verdict at trial." *Id.* at 399-400. Plaintiff has failed to do so here. When answering all fact questions in Plaintiff's favor, this is not a case where Plaintiff is asking the jury to decide whether or not a particular statement or event is a causal connection between Plaintiff's complaints and Defendant's adverse action, this is a case where Plaintiff is asking jury to find a causal connection where none is presented. Therefore, the objection is sustained, and Defendant Visconti is dismissed.

**Objection 3:** "Defendant's object to the magistrate judge's recommendation to deny qualified immunity." (ECF No. 136, PageID.1646).

Defendants argue that qualified immunity shields them from personal liability, because they did not violate Plaintiff's clearly established First Amendment rights. The Court disagrees as to Defendant Stemen and abstains from addressing Defendant Visconti, because she has been dismissed on other grounds.

"Qualified immunity protects government officials performing discretionary functions unless their conduct violates a clearly established statutory or constitutional right of which a reasonable person in the official's position would have

known." *Silberstein v. City of Dayton,* 440 F.3d 306, 311 (2006). To overcome this defense, Plaintiff must allege "facts sufficient to indicate that the [government official's] act in question violated clearly established law at the time the act was committed." *Russo v. City of Cincinnati,* 953 F.2d 1036, 1043 (6th Cir.1992).

These facts must satisfy two prongs. First, he must show that "based upon the applicable law, the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred." *Sample v. Bailey,* 409 F.3d 689, 695 (6th Cir.2005); *see also Saucier v. Katz,* 533 U.S. 194, 201 (2001). As stated above, Plaintiff has alleged sufficient facts to show that Defendant Stemen retaliated and conspired against him. Plaintiff engaged in protected speech at the Warden's Forum, Stemen issued Plaintiff a false misconduct ticket which was later overturned, and Plaintiff has shown evidence of Stemen and Benson working together against him – showing evidence of both a causal connection and a conspiracy. Therefore, taking all of Plaintiff's allegations to be true, he has proven that a constitutional violation has occurred.

Second, Plaintiff must show that "the violation involved a clearly established constitutional right of which a reasonable person would have known." *Sample,* 409 F.3d at 696; *see also Saucier,* 533 U.S. at 201. A clearly established right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier,* 533 U.S. at 202 (internal quotation marks omitted).

"This inquiry . . . must be undertaken in light of the specific context of the case, not as a broad general proposition[.]" *Id.* at 201. Defining the contours of a right requires us to "look first to decisions of the Supreme Court, then to decisions of this court and other courts within our circuit, and finally to decisions of other circuits." *Baker v. City of Hamilton,* 471 F.3d 601, 606 (6th Cir.2006) (internal quotation marks omitted). A prisoner's First Amendment right to voice a complaint at a Warden's Forum has been clearly established in this circuit for years. *See King v. Zamiara*, 680 F.3d 686, 710 (6th Cir. 2012) (finding that plaintiff's participation in the Warden's Forum was a protected activity); *see also Wolfel v. Bates*, 707 F.2d 932 (6th Cir. 1983) (holding that a prison rule against making complaints violated an inmate's First Amendment rights); *see also Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system"). Plaintiff has therefore shown that his First Amendment rights were clearly established. Objection three is overruled.

## Conclusion

For the reasons stated above, the R&R [135] is **ADOPTED in part**; Defendant's Objections [136] are **OVERRULED IN PART and SUSTAINED IN PART**; and Defendant's Motion for Summary Judgment [128] is **GRANTED IN PART and DENIED IN PART**. This ruling has the effect of dismissing Defendant

Visconti. Plaintiff's First Amendment retaliation and conspiracy claims against Defendant Stemen remain.

Accordingly,

**IT IS ORDERED** that the R&R [135] is **ADOPTED in part**.

**IT IS FURTHER ORDERED** that Defendant's Objections [136] are **OVERRULED IN PART and SUSTAINED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [128] is **GRANTED IN PART AND DENIED IN PART.**

**SO ORDERED**.

Dated: December 11, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge